**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:23-CR-94-KKC-MAS** |
|   **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **SOCRATES MARTINEZ-HIPOLITO,** | |
|   **Defendant.** | |

*** *** ***

This matter is before the Court on defendant Socrates Martinez-Hipolito's motion to suppress evidence. (DE 17.) After holding a hearing on the matter in open court, the Court will deny the defendant's motion.

**I. Factual Background**

The defendant and his brother, Hafit Martinez-Hipolito, are known members of the Ambrose street gang. (DE 21 at 1.) After being alerted to violations of Hafit's supervised release, deputy U.S. marshals and Lexington Police Department ("LPD") officers obtained an arrest warrant and attempted to execute the warrant at 2027 Cummins Court, Apt. 4, Lexington, KY 40504 (hereafter, "Cummins Court"). Cummins Court was the only address for Hafit in the United States Probation Office's system, which Hafit himself had reported as his current address in person and on multiple USPO documents.

On February 15, 2023, law enforcement arrived at Cummins Court and knocked and announced themselves for approximately ten to twelve minutes. Some of the law enforcement officers present had previously arrested Hafit for prior supervised release violations at the same Cummins Court address in August 2021. In that instance, Hafit answered the door after roughly five minutes and turned himself over to the authorities. No

one answered the door, however, and law enforcement decided to breach the apartment after hearing sounds indicating that someone was inside.

Law enforcement found three individuals inside Cummins Court—the defendant and his two associates, but not Hafit. (DE 17-1 at 1.) The defendant told the officers that Hafit did not live at Cummins Court, but instead lived with their younger brother, Rafael, near Tates Creek Road. Upon hearing this information, the officers discovered an address on Dix Drive, which Hafit had once written on a USPO Supervision Data Sheet. Officers checked the Dix Drive address around noon that same day but were unable to locate and arrest Hafit until months later. That eventual arrest happened at a separate address on Kirklevington Drive.

During law enforcement's attempt to arrest Hafit at Cummins Court, the deputies found marijuana, ammunition, and drug paraphernalia in plain view. (*Id.*) LPD then obtained a search warrant for the apartment, "including electronic devices found therein, to search for and seize evidence relating to narcotics, drug activity, gang activity, and the location of Hafit." (DE 21 at 8.) Examination of the defendant's electronic devices led to the discovery of CSAM. The FBI seized these materials via a federal search warrant and the Government then brought the underlying criminal charges against the defendant.

## II.    Analysis

The defendant argues that the evidence discovered after the attempted arrest must be suppressed because law enforcement "lacked any reason to believe Hafit would be found inside the residence[.]" (DE 17-1 at 5.) At the suppression hearing, both parties agreed that *Payton v. New York* controls the instant motion. 445 U.S. 573 (1980).

"[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives

when there is reason to believe the suspect is within." *Id.* at 603. This case is summarized with a two-prong test: Even if it becomes known after entry that the residence is not the suspect's, the entry is justified if the police had reasonable belief "that (1) the suspect resided at the location and (2) the suspect would be present." *United States v. Hamilton*, 819 F.3d 503, 506 (1st Cir. 2016). Reasonable belief is "based on 'common sense factors' and 'the totality of the circumstances.'" *United States v. Dunbar*, No. 22-3087, 2022 WL 17245098, at *2 (6th Cir. Nov. 28, 2022) (citing *El Bey v. Roop*, 530 F.3d 407, 416 (6th Cir. 2008)).

The parties do not dispute that *Payton*'s first prong was satisfied—but the defendant maintains that law enforcement lacked reasonable belief that Hafit was present *at the time of entry*. Considering the evidence and witness testimony presented at the suppression hearing, the Court finds that law enforcement had reasonable belief that Hafit would be present at Cummins Court when they executed the arrest warrant.

Government witnesses made it clear that Cummins Court was the only residential address that USPO had in their system for Hafit. Despite Hafit writing the Dix Drive address on a Supervision Data Sheet, that document was not the proper form nor avenue to change a supervisee's address with the USPO. The USPO provided the marshals with only the Cummins Court address, which USPO indicated was Hafit's residence. Deputy U.S. Marshal Wade Yonts further testified that U.S. marshals typically rely on the information provided by the USPO relating to a person's whereabouts, and he did so in this case. This was further supported by information from the LPD's Gang Unit, whose detectives told the marshals that Cummins Court was a plausible residence for Hafit and the defendant.

The marshals, however, did not rely solely on the address provided by USPO. They confirmed with Hafit's assigned probation officer that Hafit was currently unemployed.

Yonts explained that, in his experience, unemployed supervisees typically slept until the late morning hours and then looked for work in the evening. This led him and other law enforcement officers to attempt the arrest in the morning—the time that they believed Hafit was most likely to be present at his residence.

Yonts also explained that he thought Hafit was reluctant to open the door for law enforcement when he was first arrested for supervised release violations at Cummins Court. Given that the officers heard the shuffling of occupants inside Cummins Court on February 15, 2023, it is reasonable for Yonts and the other officers to think that Hafit might not respond to their knocking and announcement this time. It was only after a period of approximately ten to twelve minutes that they decided to breach the apartment.

Law enforcement had ample reason to believe that they would find Hafit at Cummins Court on the morning of the attempted arrest. It was the only address provided to the deputy marshals during their investigation and the LPD's Gang Unit informed them that Cummins Court was a plausible address for Hafit; the marshals had no reason to believe that Hafit resided anywhere other than Cummins Court. Deputy U.S. Marshal Yonts confirmed that Hafit was unemployed, which suggested that he was likely to be present at Cummins Court on the morning that they executed the arrest warrant. It follows that law enforcement would reasonably expect to find a supervisee at their provided address when they arrested that supervisee at the same address previously. Accordingly, the Court finds that law enforcement had reasonable belief that Hafit lived at Cummins Court and was present at the time of entry.

### III.    Conclusion

For the aforementioned reasons, the Court hereby ORDERS that the defendant's motion to suppress evidence (DE 17) is DENIED.

This 10th day of January, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY